## FORM FOR USE IN APPLICATIONS
## FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

NAME: _EDWARD  McCLINTON_

PRISON NUMBER: _326905_

NAME OF PLACE OF CONFINEMENT: _MARION Correctional Institution_

ADDRESS OF THE PLACE OF CONFINEMENT: _P.O. Box 158_
_Lowell F/A 32663_

### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

DIVISION_____

CASE NO. _____
(TO BE  SUPPLIED BY CLERK OF U.S DISTRICT COURT)

_EDWARD  McCLINTON_____, PETITIONER
( FULL NAME )                    (INCLUDE NAME UNDER WHICH YOU WERE CONVICTED)

_DON  GLADISH_____, RESPONDENT
(NAME OF WARDEN, SUPERINTENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER)

AND

THE ATTORNEY GENERAL OF THE STATE OF FLORIDA, _CHARLIE CRIST_

_____
_____, ADDITIONAL RESPONDENT

(If petitioner is attacking a judgment, which imposed a sentence to be served in the future, petitioner must fill in the name of the state
where the judgment was entered. If petitioner sentence has sentence to be served in the future under a federal judgment, which he
wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court, which entered the judgment)

1

# PETITION

1. Name and location of the court which entered the judgment of conviction under attack and state court case number(s): NINTH JUDICIAL CIRCUIT ORANGE COUNTY CR-98-9050

2. Date of judgment: AUGUST 30, 2001

3. Length of sentence: 30 YEARS

4. Sentencing judge: DOROTHY J RUSSELL

5. Nature of offense or offenses for which you where convicted:
   POSSESSION OF A FIREARM by A CONVICTED FELON

6. What was your plea?   *(Check one)*

   (a) Not guilty              [X]
   (b) Guilty                  [ ]
   (c) Nolo contendere         [ ]

   If you entered a guilty plea to one count of indictment and a not guilty plea to another count of the indictment, give details:

7. Type of trial:   *(Check one)*

   (a) Jury   [X]          (b) Judge only   [ ]

8. Did you testify at the trial?   Yes   [ ]   No   [X]

9. Did you appeal from the judgment of the conviction?   Yes   [X]   No   [ ]

2

10.    If you did appeal, answer the following:

(a) Name of the court ___FIFTH DISTRICT Court of Appeal___

(b) Result ___PER Curiam AFFIRMED___

(c) Date of result ___April 9, 2002 (opinion) April 26, 2002 (mandate)___

If you filed a second appeal or filed a petition for certiorari in the Florida Supreme Court or the United States Supreme Court, give details: _____

_____

_____

_____

11.    Did you file any postconviction motions under either Florida Rule of Criminal Procedure3.800 or 3.850 with the state trial court or any other postconviction motions or petitions for writ of habeas corpus with the state trial court or state appellate court to this judgment and conviction? Yes [X]   No   [ ]

12.    If you did file any matters within the realm of question 11, answer the following as to each motion or petition.  Attach separate pages as needed for each motion or petition filed.

(a) The type of motion filed ___moTion for Postconviction relief 3.850___

(b) Date motion/petition filed ___NOVEMBER 13, 2002___

(c) Name of court ___NINTH Judicial Circuit  orange county___

(d) Result ___Denied___

(e) Date of result ___NOV 24, 2003___

13.    If your motion or petition described in paragraph 12 was denied, did you file an appeal of that denial with the appropriate state appellate court?        Yes   [X]   No   [ ]

As to each motion or petition (attach separate pages as needed) indicate:

(a) Name of court where appeal filed ___FifTH District Court of Appeal___

(b) Date appeal filed ___DECEMBER 23 , 2003___

(c) Result ___PER Curiam AffIrmed___

(d) Date of result ___march 9, 2004 (opinion)  may 5, 2004 (mandate)___

3

11a. Did you file any postconviction motions under either Florida Rule of Criminal Procedure 3.800 or 3.850 with the state trial court or any other postconviction motions or petitions for writ of habeas corpus with the state trial court or state appellate court to this judgment and conviction?
Yes ☒    No [ ]

12a. If you did file any matters within the realm of question 11, answer the following as to each motion or petition. Attach separate pages as needed for each motion or petition filed.

(a) The type of motion filed ___HABEAS CORPUS___

(b) Date motion/petition filed ___FEB 18, 2004___

(c) Name of court ___FIFTH DISTRICT COURT of APPEAL___

(d) Result ___DENIED ON MERITS___

(e) Date of result ___MAY 11, 2004 rehearing denied MAY 25, 2004___

13a. If your motion or petition described in paragraph 12 was denied, did you file an appeal of that denial with the appropriate state appellate court?        Yes [ ]    No ☒

As to each motion or petition (attach separate pages as needed) indicate:

(a) Name of court where appeal filed ___

(b) Date appeal filed ___

(c) Result ___

(d) Date of result ___

3A

14.   State *concisely* every ground on which you claim you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground.

      **CAUTION:**    In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise grounds, which you may have other than those listed if you have exhausted all your state court remedies. With respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the grounds or ground, which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or anyone of these grounds.

(a)   Conviction obtained by a plea of guilty, which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequence of the plea.

(b)   Conviction obtained by use of coerced confession.

(c)   Conviction obtain by use of evidence gained pursuant to an unconstitutional search and seizure (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d)   Conviction obtained by use of evidence gained pursuant to an unlawful arrest/seizure (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e)   Conviction obtained by violation of the privilege against self-incrimination.

(f)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(h)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I)   Denial of effective assistance of counsel.

(j)   Denial of right to appeal.

A.    Ground one: _Whether the trial court erred in denying Appellants Motion for Judgement of Acquittal._

Supporting **FACTS** (tell *briefly* without citing case cases of law):

_The state did not have a magazine to the gun in evidence, nor did they present one at trial. The State failed to establish that the weapon was operable._

Exhaustion of ground one in the state court:

(1)    Did you raise ground one in the appropriate Florida District Court of Appeal on a direct appeal of you conviction?        Yes    ☒      No      [ ]

(2)    After your conviction did you raise ground one in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes    [ ]    No    ☒

(a)    If your answer is *"yes,"* then state:

i.        Whether you receive an evidentiary hearing_____

ii.       The result_____

iii.      The date of result_____

(b)    If your Rule 3.850 Motion was denied, then did you file an appeal in the appropriate Florida District Court of Appeals?
Yes    [ ]    No    [ ]

i.        If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you did not

_____

ii.       Date appeal filed, result of appeal, and date of appeal _____

5

(3)   Have you raised ground one in any other petition, application, or motion filed in the state courts of Florida?

Yes    [ ]    No    [ ]

If your answer is *"yes,"* then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion.

_____

_____

_____

_____

_____

B.    Ground two: (Post Conviction Relief) Counsel was Ineffective for Failing to raise the issue that the arrest and seizure were without probable cause.

_____

Supporting **FACTS** (tell your story *briefly* without citing cases or law):

Trial Counsel failure to file a motion to suppress a firearm, Constitutes Ineffective Assistance of Counsel. As there was no pre-sumable suspicion of criminal activity, the deputy allegedly smelling a "strong odor" of canabis, justifiably cause to arrest petitioner did not Exist. The strong odor could have come from somewhere other than Petitioners car. The firearm should not have come into evidence.

_____

_____

Exhaustion of ground two in the state court:

(1)   Did you raise ground two in the appropriate Florida District Court of Appeals on a direct appeal of you conviction?

Yes    [ ]    No    ☒

(2)   After your conviction did you raise ground two in the state circuit court that sentenced you by filing a motion under Florida Rule 3.850 Motion to Vacate, Set Aside, or Correct Sentence?

Yes    ☒    No    [ ]

6

(a)    If your answer is *"yes,"* then state:

    i.     Whether you received an evidentiary hearing    *NO*

    ii.     The result    DENIED

    iii.    The date of result    NOV 24, 2003

(b)    If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeals?

    Yes    [X]    No    [ ]

    i.     If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you did not

    ii.    Date appeal filed, result of appeal, and date of appeal

    DEC 23, 2003 ; (Per Curiam Affirmed) ; (3-9-04 opinion)(5-5-04 mandate)

(3)    Have you raised ground two in any other petition, application, or motion filed in the state courts of Florida?

    Yes    [ ]    No    [X]

If your answer is *"yes,"* then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion.

C.    Ground three: Counsel was Inneffective For Failing to raise the issue that the States Evidence failed to establish Constructive or actual Possession of a firearm by a convicted Felon.

Supporting **FACTS** (tell your story *briefly* without citing cases or law):

The elements required to prove felon in possession of A firearm are that petitioner had Knowledge of the firearm and the ability to exercise control over it. These Elements were not established in petitioners case. The Passenger testified that the firearm was his, and that he put it in the vehicle, without Petitioners consent or Knowledge.

As such, Trial Counsel provided ineffective Assistance of counsel for failure to Appraise trial court that the States case failed to Establish All elements of the offense.

Exhaustion of ground three in the state court:

(1) Did you raise ground on three in the appropriate Florida District Court of Appeals on a direct appeal of you conviction?
Yes [ ]   No [X]

(2) After your conviction did you raise ground three in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes [X]   No [ ]

(a) If your answer is *"yes,"* then state:

i. Whether you receive an evidentiary hearing ___No___

ii. The result ___Denied___

iii. The date of result ___Nov 24, 2003___

(b) If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal?
Yes [X]   No [ ]

i. If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you did not

ii. Date appeal filed, result of appeal, and date of appeal ___Dec 23, 2003;___
___(Per Curiam Affirmed); 3-9-04 opinion; 5-5-04 mandate___

(3) Have you raised ground three in any other petition, application, or motion filed in the state courts of Florida?
Yes [X]   No [ ]

If your answer is *"yes,"* then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion.

___Ineffective Assistance of Appellate counsel___
___Denied; May 11, 2004; rehearing denied May 25, 2004___

___" SEE Ground Five of this Petition "___

_____
_____
_____
_____
_____

D.     Ground four: Counsel Failed to raise the issue that the habitualization procedure was in fact improper, and therefore, constitutes an illegal sentence.

_____

Supporting **FACTS** (tell your story *briefly* without citing cases or law):

Trial counsel failure to advise the trial court that the prior offense used to habitualize Defendant did not reveal release dates, were not enumerated under the H.O. Statue and the 5 year release requirement calculated, constituting ineffective Assistance of counsel. The evidence presented failed to disclose that information. In this case, the trial court did not conduct a seperate proceeding to determine whether Defendant qualified As A H.O. . These sentencing errors, the result of trial counsels inadequate performance, Allowed for the trial courts imposition of an illegal sentence, this must be corrected.

Exhaustion of ground four in the state court:

(1)    Did you raise ground four in the appropriate Florida District Court of Appeals on a direct appeal of your conviction?
        Yes    [ ]    No    ☒

2)     After your conviction did you raise ground four in the state circuit court that sentenced you by filing a Florida Rule 3.850 Motion to vacate, Set Aside, or Correct Sentence?
        Yes    ☒    No    [ ]

        (a)    If your answer is *"yes,"* then state
                i.      Whether you received an evidentiary hearing _____NO_____
                ii.     The result _____Denied_____
                iii.    The date of result_____Nov 24, 2003_____

        (b)    If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeals?
                Yes    ☒    No    [ ]

9

i.     ~~If you~~ failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you ~~did not~~

_____

ii.     Date appeal filed, result of appeal, and date of appeal DEC 23, 2003; (PER curiam Affirmed); 3-9-04 opinion; 5-5-04 mandate

(3)     Have you raised ground four in any other petition, application, or motion filed in the state courts of Florida?

Yes   [ ]     No   ☒

~~If~~ your answer is *"yes,"* then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion.

_____

_____

E.     Ground Five : Ineffective Assistance of Appellate Counsel.

_____

Supporting **FACTS** (tell *briefly* without citing case cases of law):

At the end of the states case, the state failed to present or establish the element of "Knowledge", by Petitioner that the gun was in the car. This presents fundamental Error by failing to present a primia facia case, negating the Petitioner of Due Process of Law.

_____

10

Exhaustion of ground  F I V E   in the state court:

    (1)    Did you raise ground  F I V E   in the appropriate Florida District Court of Appeal on a direct appeal of you conviction?    Yes   [ ]   No   ☒

    (2)    After your conviction did you raise ground  F I V E   in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850? Yes   [ ]   No   ☒

        (a)    If your answer is *"yes"*, then state:

            i.    Whether you receive an evidentiary hearing_____

            ii.    The result_____

            iii.    The date of result_____

        (b)    If your Rule 3.850 Motion was denied, then did you file an appeal in the appropriate Florida District Court of Appeals? Yes   [ ]   No   [ ]

            i.    If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you did not

                _____

                _____

            ii.    Date appeal filed, result of appeal, and date of appeal _____

                _____

    (3)    Have you raised ground  F I V E   in any other petition, application, or motion filed in the state courts of Florida? Yes   [ ]   No   ☒

        If your answer is *"yes,"* then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion.

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

F. Ground _SIX_ : _Ineffective Assistance of Appellate Counsel._

Supporting **FACTS** (tell *briefly* without citing case cases of law):

_Trial court committed fundamental error by omitting the word "knowingly" from the jury instruction, which was a disputed element, and constitutes fundamental error in absence of a contemperaneous objection by defence._

Exhaustion of ground ___SIX___ in the state court:

(1)   Did you raise ground ___SIX___ in the appropriate Florida District Court of Appeal on a direct appeal of you conviction?      Yes  [ ]   No  [X]

(2)   After your conviction did you raise ground ___SIX___ in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes  [ ]   No  [X]

(a)   If your answer is *"yes"*, then state:

i.      Whether you receive an evidentiary hearing_____

ii.     The result_____

iii.    The date of result_____

(b)   If your Rule 3.850 Motion was denied, then did you file an appeal in the appropriate Florida District Court of Appeals?
Yes  [ ]   No  [ ]

i.      If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you did not

_____

_____

      ii.     Date appeal filed, result of appeal, and date of appeal _____

_____

   (3)    Have you raised ground __S I X__ in any other petition, application, or motion filed in the state courts of Florida?
Yes   [ ]    No    [X]

If your answer is *"yes,"* then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15.    Have you previously filed any petitions, applications, or motions with respect to your judgment and conviction in any federal?  Yes   [ ]   No   [X]

16.    If your answer to 15. was *"yes,"* give the following information:

   (a)    (1)    Name of court _____

          (2)    Nature of proceeding and date action filed _____

_____

          (3)    Grounds raised _____

_____

_____

_____

_____

          (4)    Did you receive an evidentiary hearing on your petition, application or motion?
Yes   [ ]    No    [ ]

(5)     Result _____

(6)     Date of result _____

(b)     As to any second petition, applications, or motions give the same information:

(1)     Name of court _____

(2)     Nature of proceeding and date action filed _____

(3)     Grounds raised _____

_____

_____

_____

_____

_____

(4)     Did you receive an evidentiary hearing on your petition, application or motion?
Yes     [ ]     No     [ ]

(5)     Result _____

(6)     Date of result _____

(c)     Did you appeal to the highest court having jurisdiction the results of any action taken on any petition, application or motion?
(1)     First petition, etc.     Yes     [ ]     No     [ ]
(2)     Second petition, etc.     Yes     [ ]     No     [ ]

(d)     Date appeal filed _____

Result of appeal and date of result _____

(e)     If you did *not* appeal from the adverse action on any petition, application or motion, explain *briefly* why you did not:

_____

_____

_____

_____

_____

14

17. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes    [ ]    No    [X]

18. If you have previously filed for writ of habeas corpus related to this conviction and sentence in federal court, you must first move in the appropriate court of appeal for an order authorizing the federal district court to consider the application.  Have you filed such a motion?

Yes    [ ]    No    [X]

If your answer to question 18 is *"yes,"* provide the following information:

(a) Name of court where motion filed _____

(b) Date motion filed _____

(c) Result and date of result _____

If your answer to question 18 is *"no,"* indicate why you failed to do so _____

_____

19. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attack herein:

(a)    At preliminary hearing    OFFICE of the Public Defender

_____

_____

(b)    At arraignment and plea    MERRILE Glover - Gambles (Atty At Law)

_____

(c)    At trial    MICHAEL L. IRWIN, ESQUIRE

_____

(d)    At sentencing    Michael L. IRWIN, ESQUIRE

_____

(e)    On appeal    MARVIN F. CLEGG, Assistant Public Defender

_____

(f)    In any postconviction proceeding    PRO-SE

_____

_____

15

(g)     On appeal from any adverse ruling in postconviction proceeding _____

_____ PRO-SE _____

_____

20.   Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes    [ ]    No    [X]

21.   Do have a future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes    [ ]    No    [X]

(a)     If so, give name and location of court, which imposed sentence to be served in the future: _____

_____

(b)     Date and length of sentence to be served in the future: _____

_____

(c)     Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes    [ ]    No    [X]

Wherefore, petitioner prays that this court grant petitioner relief to which he may be entitled in this proceeding.

**I UNDERSTAND THAT ANY FALSE STATEMENT OR ANSWER TO ANY QUESTIONS IN THIS APPLICATION WILL SUBJECT ME TO THE PENALTIES OF PERJURY (A FINE OF $10,000 OR IMPRISONMENT FOR FIVE (5) YEARS OR BOTH).**

I declare that under the penalty of perjury that the foregoing is true and correct.

Executed on  10-19-04  _____
                                    Date

                          Edward McClinton
                          _____
                                  Signature
                          Edward McClinton
                          _____
                          Print name & DC# 826905

_____
Signature of Attorney (If Any)

16