UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWARD MCCLINTON,

    Petitioner,

v.                          CASE NO. 6:04-cv-1574-ORL-22JGG

DON GLADISH, et al.,

    Respondents.
_____/

RESPONSE TO PETITION

Respondents, Don Gladish, et al., pursuant to Rules 4, 5 and 11, Rules Governing Section 2254 Cases in the United States District Courts, in response to this Court's December 16, 2004, order respond to Petitioner Edward McClinton's (McClinton) petition for writ of habeas corpus.  Respondents request this Court deny all relief and as grounds therefor state:

JUDICIAL INVOLVEMENT

It does not appear from the record that any currently assigned U.S. District Judge or Magistrate was involved in any of McClinton's state court proceedings.

PROCEDURAL AND FACTUAL HISTORY

Procedural History:

McClinton was charged with (1) possession of a firearm by a convicted felon, a felony, and, (2) possession of 20 grams or less of cannabis, a misdemeanor, by information filed June 29, 1998. (App. A).  The information was later amended on April 14, 1999, to change the underlying felony of which McClinton had been convicted. (App. B).  The State also filed a notice of intent to seek an

enhanced sentencing based on McClinton being an habitual offender. (App. C).

McClinton was tried by jury on November 8, 1999. (App. D; F). The jury returned verdicts of guilty on both counts. (App. E). The trial court adjudicated McClinton guilty on both charges. (App. G). The State presented McClinton's prior record through judgments and sentencing documents. (App. H). McClinton was thereafter sentenced to thirty years in prison as an habitual offender on the felony charge and 109 days jail credit for 109 days served on the misdemeanor. (App. I; J).

McClinton filed a timely notice of appeal to the State of Florida Fifth District Court of Appeal from his convictions and sentences. (App. K). McClinton's appellate counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). Appellate counsel raised the issue of whether the motion for judgment of acquittal should have been granted and discussed the habitual offender designation on the sentence and why it was actually legal. (App. L). The Fifth District Court of Appeal affirmed McClinton's convictions and sentences, *per curiam,* on April 9, 2002. *McClinton v. State,* 814 So. 2d 1062 (Fla. 5th DCA 2002); (App. M). Mandate issued and the convictions and sentences became final on April 26, 2002. (App. N).

McClinton filed a motion for Post Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850 on November 13, 2002. (App. O). The Circuit Court entered its order denying McClinton's motion for post-conviction relief on November 25, 2003. (App. P). McClinton filed a timely notice of appeal from that order to the

Fifth District Court of Appeal. (App. Q). McClinton filed a *pro se* brief on appeal. (App. R). The District Court affirmed the denial of McClinton's motion, *per curiam*, on March 9, 2004. *McClinton v. State,* 871 So. 2d 896 (Fla. 5th DCA 2004); (App. S). McClinton filed a motion for rehearing on March 18, 2004. (App. T). The Fifth District Court denied that motion on April 16, 2004. (App. U). Mandate issued and denial of post-conviction relief became final on May 5, 2004. (App. V).

McClinton filed a petition for writ of habeas corpus with the Fifth District Court of Appeal alleging ineffective assistance of appellate counsel in his direct appeal on March 2, 2004. (App. W). The State filed a response . (App. X). McClinton filed a reply to the response. (App. Y). The Fifth District Court denied the petition on May 11, 2004. (App. Z). McClinton filed a motion for rehearing, (App. AA), which the court denied on June 23, 2004. (App. BB). McClinton filed the instant petition for writ of habeas corpus on October 19, 2004.

Factual Summary:[1]

McClinton was driving a car in which another person was a front seat passenger when they passed slowly by a police officer. The officer, smelling marijuana coming from the open driver's side window, stopped the vehicle. McClinton gave consent to search and the officer found marijuana and a nine millimeter bullet in McClinton's pockets. The officer also found a nine millimeter handgun wrap partially in a nit cap in the area next to the

---

[1] These facts are summarized from the trial transcript, Appendix F.

driver's seat, between the driver's and passenger seats. McClinton had previously been convicted of one or more felony crimes and thus was charged with being a felon in possession of a firearm.

## EVIDENTIARY HEARING

Upon enactment of the Antiterrorism Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(e)(2) now governs evidentiary hearings in federal habeas corpus cases. Section 2254(e)(2) provides that:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that --
>
> (A)  the claim relies on--
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2); *See also Williams v. Taylor*, 529 U.S. 490, 120 S.Ct. 1479, 1487 (2000)(Kennedy, J.)  "By the terms of its opening clause the statute applies only to prisoners who have 'failed to develop the factual basis of a claim in State court proceedings.'"  *Id.*  "If the prisoner has failed to develop the facts, an evidentiary hearing cannot be granted unless the

-4-

prisoner's case meets the other conditions of § 2254(e)(2).  *Id.; See also Breedlove v. Moore*, 74 F.Supp.2d 1226, 1232 (S.D. Fla. 1999)(citing *Breard v. Greene*, 523 U.S. 371 (1998)).  Needless to say, "a petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction."  *Breedlove*, 74 F.Supp.2d at 1233 (citing *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998)(quoting *Young v. Herring*, 938 F.2d 543, 560 n. 12 (5th Cir. 1991)).

In the instant case, an evidentiary hearing is not required on McClinton's claims.  An evidentiary hearing was not held in state court, and no hearing is required in federal court.  As will be demonstrated, the record conclusively refutes McClinton's claims.  The record in this case is sufficiently clear for this court to resolve McClinton's claims on the basis of the record itself without further evidentiary development.  *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991).

TIMELINESS UNDER THE ONE-YEAR TIME LIMIT OF THE AEDPA

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the

>    Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d)(1) went into effect on April 24, 1996. Based upon the tolling of the one-year time period for McClinton's first 3.850 motion and the subsequent habeas corpus petition, McClinton's petition for writ of habeas corpus to this Court appears to be timely filed.

### EXHAUSTION/PROCEDURAL BAR/PROCEDURAL DEFAULT

McClinton raises the following claims in his petition for writ of habeas corpus to this Court. Ground one is that the trial court erred in denying his motion for judgment of acquittal because the State failed to introduce the firearm's magazine and thereby failed to prove the firearm was operable. Ground two is that McClinton received ineffective assistance of trial counsel by his failure to file a motion to suppress the firearm based on a lack of probable cause for the stop of his car. Ground three is that McClinton received ineffective assistance of trial counsel based on counsel's failure to raise the issue of lack of proof as to constructive or actual possession.

Ground four is that McClinton received ineffective assistance of trial counsel based on counsel's failure to timely object to

McClinton being found to be an habitual offender. Ground five is that McClinton received ineffective assistance of appellate counsel in his direct appeal based on counsel's failure to argue that it was fundamental error for the State to have failed to prove McClinton's knowledge that the firearm was in the car. Ground six is that McClinton received ineffective assistance of appellate counsel in his direct appeal based on counsel's failure to argue that it was fundamental error to omit the requirement that McClinton "knowingly" possess the firearm from the jury instructions.

A federal court must dismiss those claims or portions of claims that have been explicitly ruled procedurally barred by the highest state court considering the claims. *Harris v. Reed*, 489 U.S. 255 (1989). McClinton did not raise claim one in his direct appeal and did not allege the failure to raise that claim as a basis for ineffective assistance of counsel in his state habeas corpus petition. (App. L; W). Claim one is therefore not exhausted and may not be considered by this court.

McClinton raised claims two, three and four, in his Rule 3.850 motion. (App. O). However, on appeal from the order denying those claims, McClinton only argued claim three, i.e., whether his counsel was ineffective for failure to challenge the State's evidence as to the knowledge element of his possession of the firearm. (App. R). Having abandoned claims two and four, those claims remain unexhausted. The time for appealing the denial of those claims having run, those claims are also procedurally barred.

In his state petition for writ of habeas corpus, McClinton

raises the argument that there was fundamental error at his trial based on a failure to prove that he knowingly possessed the firearm. He also alleges that there was fundamental error in his trial based on omitting the word "knowingly" from one portion of the jury instructions. McClinton does not, however, ever claim that either of these alleged errors was due to appellate counsel's deficient performance. (App. W). In other words, although McClinton filed a petition used for presenting claims of ineffective assistance of appellate counsel, he never actually presented any claim of ineffective assistance of appellate counsel. Claims five and six are therefore not exhausted and this Court may not consider them. The time for filing a petition alleging in effective assistance of counsel is two years from the date the direct appeal became final. § 9.141(c)(4)(B), Fla. R. App. P. (2003). In this case, that deadline passed on April 26, 2004. (App. N). McClinton is therefore procedurally barred from raising these two claims of ineffective assistance of counsel.

"A federal habeas petitioner is required to provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Walker v. Dugger*, 860 F.2d 1010, 1011 (11th Cir. 1988). "A state prison inmate who seeks release from custody on the ground that his conviction or sentence is in violation of the Constitution or laws of the United States must first exhaust remedies available to him in the courts of the convicting state. " *Heath v. Jones*, 863 F.2d 815, 818 (11th Cir. 1989). The requirement of exhaustion mandates that the precise issues set forth in the federal petition must have

been presented to the state courts. *Id.; Duncan v. Henry*, 513 U.S. 887 (1995).

McClinton has failed to exhaust claims one, two, four, five and six in his petition. Only claim three is fully exhausted. Further, McClinton is procedurally barred from raising these unexhausted claims in state court because the time for filing post-conviction relief motions, and for filing appeals from those motions, has run. §§ 3.850(b), Fla. R. Crim. P.; 9.141(c)(4)(B); 9.140(b)(3), Fla. R. App. P. (2003).

DISMISSAL/SUMMARY JUDGMENT

Dismissal of a petition for writ of habeas corpus is appropriate when it plainly appears from the face of the petition that petitioner is entitled to no relief. 28 U.S.C. § 2254. Habeas relief will not be granted for a claim adjudicated on the merits in state court unless the decision (1) was contrary to clearly established federal law, as determined by the U.S. Supreme Court or involved an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court. or (2) was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1),(2)(1994 & Supp. III 1997); *See Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000). Moreover, factual determinations made by a state trial court or appellate court are presumed correct if they are fairly supported by the record. 28 U.S.C. § 2254(e)(1) (1994 & Supp. III 1997); *See Burden v. Zant*, 498 U.S. 433, 433-34 (1991).

In denying McClinton's claim three, the trial court applied *Strickland v. Washington*, 466 U.S. 668, 686-690 (1984) and found

that McClinton had not shown that counsel's performance was deficient or that petitioner was prejudiced by counsel's performance. (App. P). The trial court cited to portions of the record supporting its findings. (App P). The state court's decision was not based on an unreasonable determination of the facts, was fairly supported by the record, and is presumed correct. 28 U.S.C. § 2254, (d)(2), (e)(1) (1994 & Supp. III 1997); *See Burden v. Zant*, 498 U.S. 433, 433-34 (1991). McClinton has not cited to any decision of the Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the trial court's order in this case. The trial court's decision was therefore not contrary to governing United States Supreme Court precedent.

## CONCLUSION

McClinton's petition contains claims that are not exhausted and that are now procedurally barred. With regard to the one exhausted claim, McClinton fails to state a claim that the trial court's ruling on his ineffective assistance of counsel claim, ground three, was contrary to controlling federal law or was an unreasonable application of the facts to the law. Based upon the foregoing, this court should deny McClinton's petition for habeas corpus relief with prejudice.

```
                                Respectfully submitted,

                                CHARLES J. CRIST, JR.
                                ATTORNEY GENERAL


                                /s Timothy D. Wilson
                                TIMOTHY D. WILSON
                                ASSISTANT ATTORNEY GENERAL
                                Fla. Bar #0033383
                                444 Seabreeze Boulevard
                                Fifth Floor
                                Daytona Beach, Florida 32118
                                (386) 238-4990
                                (386) 238-4997 (fax)

                                COUNSEL FOR RESPONDENTS
```

CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2005, I electronically filed the foregoing this date with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: N/A.  I further certify that I mailed a copy of this Response to Petition and Index to Appendix and the notice of electronic filing to: EDWARD MCCLINTON, #326905, Marion Correctional Institution, PO Box 158, Lowell, FL, 32663 on this 21st day of January, 2005.

```
                                /s Timothy D. Wilson
                                TIMOTHY D. WILSON
                                ASSISTANT ATTORNEY GENERAL
```

-12-

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWARD MCCLINTON,

    Petitioner,

v.                                  CASE NO. 6:04-cv-1574-ORL-22JGG

DON GLADISH, et al.,

    Respondents.
_____/

<u>APPENDIX</u>

                                          CHARLES J. CRIST, JR.
                                          ATTORNEY GENERAL

                                          TIMOTHY D. WILSON
                                          ASSISTANT ATTORNEY GENERAL
                                          Fla. Bar #0033383
                                          444 Seabreeze Boulevard
                                          Fifth Floor
                                          Daytona Beach, Florida 32118
                                          (386) 238-4990
                                          (386) 238-4997 (fax)

                                          COUNSEL FOR RESPONDENTS

-i-

## APPENDIX

INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . A

AMENDED INFORMATION . . . . . . . . . . . . . . . . . . . . . . B

NOTICE OF INTENT TO SEEK ENHANCED SENTENCE . . . . . . . . . . C

JURY INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . D

VERDICTS . . . . . . . . . . . . . . . . . . . . . . . . . . . E

TRIAL TRANSCRIPT . . . . . . . . . . . . . . . . . . . . . . . F

JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . G

PRIOR JUDGMENTS . . . . . . . . . . . . . . . . . . . . . . . . H

SENTENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . I

SENTENCING TRANSCRIPT . . . . . . . . . . . . . . . . . . . . . J

NOTICE OF APPEAL . . . . . . . . . . . . . . . . . . . . . . . K

APPELLANT'S INITIAL BRIEF . . . . . . . . . . . . . . . . . . . L

*McClinton v. State,* 814 So. 2d 1062 (Fla. 5th DCA 2002) . . . . M

MANDATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . N

MOTION FOR POST-CONVICTION RELIEF . . . . . . . . . . . . . . . O

ORDER DENYING MOTION FOR POST-CONVICTION RELIEF . . . . . . . . P

NOTICE OF APPEAL . . . . . . . . . . . . . . . . . . . . . . . Q

APPELLANT'S INITIAL BRIEF . . . . . . . . . . . . . . . . . . . R

*McClinton v. State,* 871 So. 2d 896 (Fla. 5th DCA 2004) . . . . S

MOTION FOR REHEARING . . . . . . . . . . . . . . . . . . . . . T

ORDER DENYING MOTION FOR REHEARING . . . . . . . . . . . . . . U

MANDATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . V

PETITION FOR WRIT OF HABEAS CORPUS . . . . . . . . . . . . . . . . W

RESPONSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . X

REPLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Y

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS . . . . . . . Z

MOTION FOR REHEARING . . . . . . . . . . . . . . . . . . . . . . AA

ORDER DENYING MOTION FOR REHEARING . . . . . . . . . . . . . . BB