PROVIDED TO MARION
CORRECTIONAL INSTITUTION
ON 3-4-05 m.E
FOR MAILING.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

EDWARD McCLINTON,

      Petitioner,

V.

DON GLADISH, et al.,

      Respondents.   /

CASE NO. 6:04-CV-1574-ORL-22JGG

# REPLY TO RESPONSE

COMES NOW, The Petitioner, Edward McClinton, pro se and file this Reply to the Respondents Response in accordance to this Honorable Court's February 2, 2005, order to Reply to the Respondents Response. The petitioner request this Honorable Court not to deny any relief sought, In support of said petitioner will show:

## PROCEDURAL AND FACTUAL HISTORY

The Respondents is correct by stating on It's front page of It's Response: "McClinton was charge with (1) possession of a firearm by a convicted felon, and, (2) possession of 20 grams or less of cannabis, a misdemeanor, by information filed June 29, 1998".

The Respondents is further correct by stating on It's front page that: "The information was later amended on April 14, 1999, to change the underlying felony of which McClinton had been convicted."

Please see (R.R. 1).[1]

The Respondents is also correct by stating: "McClinton was tried by Jury on November 8, 1998." (R.R.2).

The Respondents is incorrect by stating: "The Jury returned verdicts of guilty on both counts." (R.R.2).

## CLAIM OF ACTUAL INNOCENT

IN this instant, The State of florida amended It's information charging the petitioner with one (1) count of possession of a firearm by a convicted felon, and that: "LAWSON LARMAR, State Attorney of the ninth Judicial Circuit prosecuting for the State of florida in orange county, or lawson lamar, State Attorney of the ninth Judicial Circuit prosecuting for the State of florida in orange county, by and through the undersigned designated assistant State Attorney, under oath, charges that EDWARD McClinton, on the 6th day of January, 1998, in Said county and State, did, in Violation of florida Statute 790.23, unlawfully possess a firearm, to-wit: hangun, Edward McClinton having been prior thereto, on the 7th day of July, 1993, convicted in the Circuit Court of the ninth Judicial Circuit of florida of a felony, to-wit: Aggravated battery (Great bodily harm)" (APP. a).[2]

---

1. (R.R.) Stands for Respondents Response to petition
2. Please See The Appendix Attached hereto.

At Trial, however, The Trial court instructed the Jury on the following: "... PLEASE PAY CLOSE ATTENTION TO THE INSTRUCTIONS I'M ABOUT TO GIVE. EDWARD McCLINTON, THE DEFENDANT IN THIS CASE, HAS BEEN ACCUSED OF THE CRIMES OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND POSSESSION OF LESS THAN 20 GRAMS OF CANNABIS. BEFORE YOU CAN FIND THE DEFENDANT GUILTY OF POSSESSION OF A FIREARM BY A CONVICTED FELON THE STATE MUST PROVE THE FOLLOWING ELEMENTS:

ONE, THAT EDWARD McCLINTON HAD IN HIS CUSTODY, CARE, POSSESSION OR CONTROL A HANDGUN.

TWO, THAT THE HANDGUN WAS ONE THAT WAS, OR COULD READILY BE MADE, OPERABLE.

IF YOU FIND THAT THE HANDGUN WAS LAWFULLY OWNED AND POSSESSED UNDER PROVISIONS OF THE FEDERAL LAW, YOU SHALL FIND THE DEFENDANT NOT GUILTY. THIS LAW DOES NOT APPLY TO ANTIQUE FIREARM". (Other Instruction omitted). See (App. b).

These instruction is for the offense of "possession of forbidden firearm". See (App. c. pg. 9). The petitioner's Jury was instructed on, and convicted him of a charge the state of Florida did not charge petitioner with, thereby rendering his conviction unconstitutional. See (App. d), Fla. STAT. §.790.221. The petitioner claims he's "Actually Innocent".

3

The Jury instruction for possession of a firearm by a convicted felon under Florida Law is as follows:

"BEFORE YOU CAN FIND THE DEFENDANT GUILTY OF (CRIME CHARGED), THE STATE MUST PROVE THE FOLLOWING TWO ELEMENTS BEYOND A REASONABLE DOUBT:

1. (DEFENDANT) HAS BEEN CONVICTED OF (PRIOR OFFENSE).

2. AFTER THE CONVICTION (DEFENDANT) KNOWINGLY
   a. [OWNED] [HAD IN [HIS] [HER] CARE, CUSTODY, POSSESSION OR CONTROL]
      [A FIREARM.]
      [AN ELECTRIC WEAPON OR DEVICE].
   b. [CARRIED A (WEAPON ALLEGED), WHICH WAS CONCEALED FROM THE ORDINARY SIGHT OF ANOTHER PERSON.]

IF YOU FIND THAT THE DEFENDANT'S CIVIL RIGHTS HAD BEEN RESTORE AT THE TIME OF THE OFFENSE, YOU SHALL FIND THE DEFENDANT NOT GUILY."

(OTHER INSTRUCTION OMITTED). See (App. C. pg. 10).

The instruction given in this case is for the offense of "POSSESSION OF FORBIDDEN FIREARMS" which supports a crime under Fla. Stat. § 790.221, a crime The State of Florida did not charge The petitioner with.

The written instruction cites "POSSESSION OF FORBIDDEN FIREARMS" but cites F.S. 790.23. (App. b pg. 7).

Possession of forbidden firearms deals with short-

4

barreled rifle, shortbarreled shotgun, or machine gun. See (App C pg. 9, and d ).

There is no charging information; evidence; or instruction alleging petitioner to be in possession of a short-barreled rifle, shortbarreled shotgun, or machine gun. See (R.R. App. B, and F pgs. 14-47). See also (App. a).

According to Florida law, "Generally, where offense may be committed in various ways, evidence must establish it to have been committed in manner charged in indictment or information." WERREN V. STATE, 635 So.2d 122, 124 (Fla. 1st DCA 1994); ZWICK V. STATE, 730 So.2d 759, 760 (Fla. 5th DCA 1999); RALLO V. STATE, 726 So.2d 839, 840 (Fla. 2d DCA 1999). (The right of persons accused of serious offenses to know, before trial, the specific nature and detail of crimes they are charged with committing is a basic right guaranteed by our federal and state constitutions.)

Due process of law requires persons to be put on notice of the crime of which he is charged with. See STATE V. GRAY, 435 So.2d 816, 818 (Fla. 1983)

"However, a conviction on a charge not made by the indictment or information is a denial of due process of law." (citing) THORNHILL V. ALABAMA, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); DeJONGE V. OREGON, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937).

Here, petitioner was denied his Constitutional right to due process of law, and his Constitutional right to a fair trial, where he was convicted of a crime the state of Florida did not charge him with, nor put him on notice of. See GOSS V. LOPEZ, 419 U.S. 565, 578-79, 95 S. Ct. 729, 738, 42 L. Ed. 725 (1975); MULLANE V. CENTRAL HANOVER BANK AND TRUST, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 863 (1950).

The petitioner pointed out in his 3.850 Motion for Re-hearing That: "It is fundamental error to convict him of a crime he never committed." This is a fact the Respondent failed to Advise this Honorable Court of. See (App. e).

## GROUNDS PROPERLY EXHAUSTED

The Respondents Statement that alleges that grounds one; two; four; five; and six were not exhausted is also incorrect. (R.R.9). In any event, however, the petitioner has pointed out that he is "ACTUALLY INNOCENT". "A Claim of [actual] innocence is thus not itself a constitutional Claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional Claims considered on the merits." SCHLUP V. DELO, 513 U.S. 298, 315, 115 S. Ct. 851, 861, 130 L. Ed. 2d 808 (1995).

Even without a claim of "actual innocent", the Claims are Properly Exhausted before this Honorable

Court. The Respondents Claims that the petitioner failed to exhaust GROUND ONE:

"WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL".

This allegation by the respondents is clearly without merit. The Respondents Conceded to this very fact in it's Response when it advised this Honorable Court that this very issue were raised by Appellate counsel in his Anders Brief. See (R.R. 2). See ground one as stated in the petitioner's Habeas Corpus pending before this honorable Court.

IN GROUND TWO: "Counsel was Ineffective for failing to raise the issue that the arrest and seizure were without probable Cause" and GROUND FOUR: "Counsel failed to raise the issue that the habitualization procedure was in fact improper, and therefore, Constitutes an illegal Sentence". The Respondents also claims that the petitioner failed to exhaust these claims. These allegations is also without merit. See (R.R. App. O and P), The 3.850 Motion the petitioner filed with the trial court, and the Trial Court order denying relief. However, relief were denied without an evidentiary hearing, despite the claims being of merit.

GROUND TWO merited an evidentiary hearing on the Authority of STEWART V. STATE, 629

So.2d 267 (Fla.2d DCA.1993). Where The petitioner's Claim of ineffective assistance of counsel strikes at the heart of the seizure of the Gun admitted against him at Trial, and the admission of the contraband at trial, the Trial court should have had a evidentiary hearing to determine why Trial Counsel never sought Suppression of the gun and contraband admitted against the petitioner at Trial.

GROUND FOUR  Merited a evidentiary hearing on the authority of McCLENDON V. STATE, 603 So.2d 607 (Fla. 1st DCA 1992). Clearly, The failure to present evidence that would refute an improper HFO designation when the petitioner claims he's not an HFO render Trial counsel assistance ineffective.

The Trial court denied this claim by attaching the original information which cites a January, 1998 conviction. See (R.R. App. O). This conviction does not exist, which is why the State of Florida filed an Amended information. (R.R. App. B). The Jury were never instructed on the fact that the petitioner had a prior conviction on the date cited in the Amended information July, 1993. See (App. b). furthermore, the date cited in the amended information was not a new commitment, but only temporary custodial pending resolution by the parole commission of probation violation. The July 7, 1993 date was not a new commitment; and does

not qualify the petitioner as a habitual felony offender. Cf GIRTMAN V. STATE, 617 So.2d 1168 (Fla. 5th DCA 1993) and BRINSON V. STATE, 28 Fla. L. Weekly D1802 (Fla. 2d DCA 2003) opinion filed 7-30-03.

The petitioner clearly appealed the decision of the Trial Court to the highest State Court by filing his notice of appeal pursuant to 9.141 (b) (2) (A), Fla. R. App. P.[3] Florida Rule of Appellate Procedure 9.141 (b) (2) (A) States in relevant part:

"When a motion for post-conviction relief under rule 3.800 or 3.850 is granted or denied without an evidentiary hearing, the clerk of the lower tribunal shall transmit to the court, as the record, copies of the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal."

The rule requires the clerk to forward, transmit any and all pleading filed with the Trial Court, thereby exhausting every ground raised in petitioner's 3.850 motion. The rule clearly states:

"No brief or oral argument shall be required, but any appellant's brief shall be filed within 15 days of the filing of the notice of appeal. Fla. R. App. P. 9.141 (b) (2) (C).

---

[3] See (R.R. App. Q).

9

The brief is therefore, discretionary not mandatory. The petitioner in this instant filed a brief briefing ground three to emphasize on the fact that he's "ACTUALLY INNOCENT" of the charge the jury convicted him of. The Trial Court did not instructed Jury on the two elements of possession of a firearm by a convicted felon.

IN Florida, exhaustion usually requires not only the filing of a rule 3.850 motion, but an appeal from its denial. See LEONARD V. WAINWRIGHT, 601 F.2d 807, 808 (5Th Cir 1979). The petitioner filed an appeal pursuant to Fla. R. App. P. 9.141 (b) (2) (A), Therefore, grounds two and four is properly exhausted.

The respondent's is also incorrect by stating:
"IN his state petition for writ of habeas corpus McClinton raises the argument that there was fundamental error at his trial based on a failure to prove that he Knowingly possessed the firearm. He also alleges that there was fundamental error in his trial bassed on omitting the word 'Knowingly' from one portion of the Jury instructions. McClinton does [N]ot, however, ever claim that either of these alleged errors was due to appellate counsel's [D]eficient performance. (App. W). In other words, although McClinton filed a petition used for presenting claims of ineffective assistance of appellate counsel, he [N]ever actually presented

any claim of ineffective assistance of appellate counsel. Claims five and six are therefore not exhausted and this court may not consider them. The time for filing a petition alleging ineffective assistance of counsel is two years from the date the direct appeal became final. § 9.141 (c) (4) (B), Fla. R. App. P. (2003). In this case, that deadline passed on April 26, 2004. (App. N). McClinton is therefore procedurally barred from raising these two claims of ineffective assistance of counsel." (R.R. 8).

In this instant, The petitioner direct appeal became final on April 26, 2002, The date the mandate were issued as correctly stated by the respondents. (R.R.2). The petitioner filed his state petition for writ of Habeas Corpus pursuant to Fla. R. App. P. 9.141 (c) on March 2, 2004 as correctly stated by the Respondents. (R.R.3). This is well within the 2-year time limit under The rule. The very heading of Fla. R. App. P. 9.141 (c) clearly state the following:

"Petitions Seeking Belated Appeal or Alleging Ineffective Assistance of Appellate Counsel".

In GROUND FIVE, The petitioner claimed ineffective assistance of Appellate counsel for failure to raise on appeal "The State failed to make a prima facia showing of the Esential element of 'Knowingly' ". (R.R. App. W pg. 7, 16).

IN GROUND SIX, The petitioner claimed ineffective assistance of appellate counsel for failure to raise on appeal "Trial court omitting the word 'Knowingly' from the Jury instructions, which was a disputed element, and makes It fundamental error, in absence of contemperaneous objection by defense attorney". (R.R. App. W 7, 12).

The petitioner clearly stated in his state petition for habeas Corpus That:

"In the instant petition, the petitioner raises two claims of ineffective assistance of appellate counsel"(R.R. App. W. pg. 7), "The two issue's raised in the instant petition Should have been raised in his direct appeal; eventhough they were not objected to or preserved, but because they meet the fundamental error requirements. This plainly constitutes a substantial [D]eficiency falling measurably outside the range of professionally acceptable conduct and that this [D]eficiency compromised the Appellate process to such a degree as to undermine confidence in the correctness of the result." (R.R. App. W. pg. 17).

At Trial, The petitioner's co-defendant testified that he (The co-defendant) put the gun in the car, and that the petitioner had no knowledge of the presence of the gun. (App.f). This is why the State of Florida abandon the offense it charged the petitioner with

In it's information in the middle of Trial. The Respondents departed from the offense of possession of a firearm by a convicted felon, and convicted petitioner of possession of forbidden firearms. Although Trial counsel did not object to said proceeding, fundamental error is one which amounts to a denial of due process of Law, and may be raise at any time. NEWELL V. STATE, 714 So.2d 434 (Fla. 1998); See also REED V. STATE, 837 So.2d 366, 370 (Fla. 2002):

"Again, we refer to what we said in Delva, 575 So.2d 644-45: INstructions ... are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occured Castor V. State, 365 So.2d 701 (Fla 1978); Brown V. State, 124 So.2d 481 (Fla. 1960). To Justify not imposing the contemporaneous objection rule, the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.' Brown, 124 So.2d at 484. In other words, fundamental error occurs only when the omission is pertinent or material to what the Jury must consider in order to convict.' Stewart V. State, 420 So.2d 862, 863 (Fla. 1982), Cert. denied, 460 U.S. 1103, 103 S. Ct. 1802, 76 L.Ed.2d 366 (1983)."

Clearly The failure to present evidence that the

petitioner knowingly owned, had in his care, custody, possession or control, the handgun alleged, and failure to instruct the jury on the element of knowledge is fundamental error that amounts to a denial of due process of law. The Supreme Court of Florida found that all fundamental error is harmful error. Reed, Supra, I.d. at 370.

To demonstrate ineffectiveness of counsel on appeal, one must show first that there were specific errors or omissions of such magnitude that it can be said that they deviated from the norm or fell outside of the range of professionally acceptable performance.

Appellate counsel failure to raise fundamental error which amounts to a denial of due process of law can be said to have deviated from the norm or fell outside of the range of professionally acceptable performance. Secondly, that the failure or deficiency had a prejudicial impact on the appellant by compromising the appellate process to such a degree as to undermine confidence in the fairness and correctness of the outcome. STRICKLAND V. WASHINGTON, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d. 674, Reh'g denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d. 864 (1984).

Appellate counsel may be deemed to have rendered ineffective assistance in failing to raise meritorious issue[s] on appeal even if Trial counsel did not

14

preserve it for appeal if the error or impropriety rises to the level of due process violation, constitution-al violation, or another matter of fundamental error. Those, of course, cannot be waived by failure to object. See MEYER V. SINGLETARY, 610 So.2d 1329, 1331 (Fla. 4Th DCA 1992) AND FERRER V. MANNING, 682 So.2d 659, 600 (Fla. 3d DCA 1996).

The failure to raise grounds five and six results in the petitioner being convicted for a crime not made by the information, and is therefore a denial of due process of law GRAY, SUPRA, at 818. The petitio-ner claims he's "Actually Innocent" of the crime presented to the jury.

## ENTITLED TO RELIEF

The Respondents conceded to the fact that ground three is fully exhausted. (R.R.9). In fact, ground three were raised twice, once in ground one on direct appeal (R.R. App. L), and again in ground two in the petitioner's 3.850 motion for post-conviction relief (R.R. App. O).

The petitioner presented sufficient facts and law demonstrating there is no legally sufficient evidence on which the trier of fact may base a verdict of guilt. The State charged The petitioner by it's amended information of possession of a firearm by a convicted felon Fla. Stat. § 790.23. (App. a). The Trial court and the Trial state Attorney erred in giving the wrong

Jury instructions to the Jury (R.R. App. F. pg. 76), and Trial counsel was ineffective for failing to object to these erroneous Jury instruction. (App. b). The proper instructions to give for the charge alleged in the charging information (possession of a firearm by a convicted felon), is shown in § 790.23 of Florida Jury instruction. please see (App. C).

There were no evidence presented to the Jury to support the two elements needed to convict the petitioner of possession of a firearm by a convicted felon. (App. b, c, and f); (R.R. App. F. pgs. 14-47). Both officers testified that the petitioner got out of the car leaving his co-defendant alone in the car with the gun. (R.R. App. F. pgs. 9-10, 17-18, 41). That the gun was found after the petitioner were handcuffed in the police car. (R.R. App. F. pgs. 24). The gun was not in plain view prior to petitioner exiting the car and being handcuffed. Co-defendant also testified that the gun were his, and that the gun got inside the car because he put it there without telling the petitioner, and that the gun were inside a hat. (R.R. App. F. pgs. 11-12, 59-60).

Under these facts the petitioner should not have been convicted, and could not have been convicted of possession of a firearm by a convicted felon. WILCOX V. STATE, 522 SO.2d 1062, 1063 (Fla. 3d DCA

1988); WHITE V. STATE, 539 So.2d 577, 578-79 (Fla. 5TH DCA 1989) And DANIELS V. STATE, 718 So.2d 1274, 1275 (Fla.2d DCA 1998).

Here, The evidence were insufficient to support a conviction of possession of a firearm by a convicted felon. The Trial Counsel were ineffective for failure to object to the wrong jury instructions being given to the jury, and The Trial Court erred in denying the petitioner's motion for judgment of acquittal. Said denial denied the petitioner of due process of law, because it allowed the jury to convict the petitioner of possession of forbidden firearm, a charge not made by the charging information. GRAY, SUPRA, I.d. at 818.

## EVIDENTIARY HEARING REQUIRED

The petitioner claims that grounds one (1) through six (6) are all properly exhausted before this Honorable Court, and should not be dismissed.

The petitioner also claims that the lowers courts ruling on his claims were contrary to clearly established federal law, as determined by the U.S. Supreme Court or involved unreasonable application of clearly established federal law as determined by the U.S. Supreme Court. OR (2) was based on unreasonable determination of the facts. See 28.U.S.C. § 2254 (d) (1), (2).

The petitioner has put forth facts demonstrating unreasonable determination of the finding of facts made by the lower courts orders denying petitioner's relief. The Trial courts decision was therefore contrary to the United States supreme court precedents. The petitioner should be granted an evidentiary hearing.

## CONCLUSION

Based on the foregoing, petitioner would submit that grounds one (1) through six (6) is properly exhausted and before **this** Honorable Court, wherefore, petitioner prays **that** this Honorable Court grant petitioner's petition for Habeas Corpus relief to which he may be entitled to in this proceeding.

RESPECTFULLY SUBMITTED

/s/ Edward McClinton #326905

EDWARD McCLINTON 326905

MARION CORRECTIONAL INST.

P.O. BOX 158

LOWELL, FL. 32663-0158

## CERTIFICATE OF SERVICE

Petitioner certifies that a copy hereof has been furnished to (name and title)
Charles J. Crist, Jr. Attorney General ,
(address) _____
Timothy D. Wilson ,
and (name and title) Assistant Attorney General ,
(address) 444 Seabreeze Boulevard, fifth Floor, Daytona
Beach, Florida 32118 ,
by U. S. Mail, first-class postage prepaid, this 4 day of March
200 5 .

/S/ Edward McClinton # 326905
print name only: . . Edward McClinton #326905

19

**AFFIDAVIT**

I, Edward McClinton_____, pro se Petitioner, depose and state as follows:

I assert that I have read the facts in my petition for writ of habeas corpus, and the facts in the herein Reply to response, and that the facts therein alleged is true and correct. I further assert that I'm being deprived of liberty, and is being illegally detained against my will where I was convicted of A crime The state of Florida did not charge me with in It's charging information. I also assert That I'm "ACTUALLY INNOCENT", and IS entitled to an immediate emergency Release due to the unconstitutional conviction I Received In violation of due process of Law, and my right to effective assistance of both Trial

Counsel and Appellate counsel.

_____

_____

_____

_____

_____

_____

_____

_____

_____

Affidavit concluded.

Petitioner declares under penalty of perjury (§ 92.525(2), Fla. Stat.) that he

has read this petition and that the facts stated in it are true and correct.

Respectfully submitted,

/S/ *Edward McClinton* #326905

print name & DC#: . . . EDWARD McCLINTON 326905

Marion Correctional Institution

Post Office Box 158

Lowell, Florida 32663-0158