UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWARD MCCLINTON,

                Petitioner,

v.                                      Case No. 3:05-cv-1305-32TEM

WALTER A. MCNEIL,[1] et al.,

                Respondents.

_____

## ORDER

The record in this case reflects that the trial judge instructed the jury on the possession of forbidden firearms rather than the possession of a firearm by a convicted felon.   See Petitioner's Reply to Response (Doc. #12) at 3-4; Ex. F, Transcript of the Trial Proceedings at 96; Ex. D, Jury Instructions at 1-2; Fla. Std. Jury Instr. (Crim.) 10.14 (possession of forbidden firearms; Fla. Stat. § 790.221); Fla. Std. Jury Instr. (Crim.) 10.15 (felons possessing weapons; Fla. Stat. § 790.23).  While the record clearly reflects that the parties had stipulated to Petitioner's being a convicted felon, it is not clear why the trial judge gave a jury instruction on possession of forbidden firearms. In giving the jury instruction, the trial judge did not include the second element of possession of a firearm by a convicted felon:

_____

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Walter A. McNeil is substituted as the proper party Respondent having custody over Petitioner.

that the defendant <u>knowingly</u> had in his care, custody, possession or control a firearm.

Since Respondents contend that ground six (ineffective assistance of appellate counsel for failure to raise on direct appeal that the trial court committed fundamental error by omitting the word "knowingly" from the jury instruction) is procedurally barred from review in this Court, they did not address the merits of the ineffectiveness claim. Respondents' procedural default argument is unavailing, and therefore they will be required to address the merits of ground six.[2]

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Respondents, within **THIRTY (30) DAYS** from the date of this Order, shall file a Supplemental Response to address the merits of ground six.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of January, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

---

[2] The State, in responding to Petitioner's state petition for writ of habeas corpus, argued that the trial court gave the jury "an adequate instruction," the error was not fundamental and therefore appellate counsel did not need to raise it on direct appeal. Ex. X, Response to Petition for Writ of Habeas Corpus, at 4.

```
sc 1/28
c:
Edward McClinton
Ass't Attorney General (Wilson)
```